<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROGELIO MIRANDA,                  :
                                  :     Civil Action No. 11-2629 (RMB)
            Plaintiff,            :
                                  :
            v.                    :     **OPINION**
                                  :
WARDEN DONNA ZICKEFOOSE,          :
et al.,                           :
                                  :
            Defendants.           :


**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Rogelio Miranda
LSCI - Butner
P.O. Box 999
Butner, NC  27509


**BUMB**, District Judge

     Plaintiff Rogelio Miranda, a convicted and sentenced federal prisoner previously confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On January 26, 2011, a Discipline Hearing Officer at the Federal Correctional Institution at Fort Dix, New Jersey, found that Plaintiff had committed the prohibited act of Engaging in a Sexual Act, Code 205. (Incident Report No. 2101036.) Sanctions imposed included disallowance of 15 days good conduct time, 27 days disciplinary segregation, and 30 days loss of commissary privileges. Plaintiff's administrative appeals were denied.

In his Complaint, Plaintiff asserts that various defendants violated his constitutional rights in connection with his conviction of the Code 205 charge, which he characterizes as "bogus." He alleges that he was not permitted to present a defense, that certain witnesses presented perjured testimony, that investigators misconstrued his statements to make them incriminating, etc. He also alleges defects in the processing of his appeals. Plaintiff names as defendants FCI Fort Dix Warden Donna Zickefoose and nine other correctional employees.

2

By this action, Plaintiff explicitly seeks restoration of the 15 days of disallowed good conduct time, as well as compensatory and punitive damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.   See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

Moreover, no action may be brought by a prisoner with respect to prison conditions unless the prisoner has exhausted available administrative remedies.   42 U.S.C. § 1997e(a). "[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).   Although failure to exhaust is an affirmative defense which must be pled by the defendant, a district court has inherent power to dismiss a complaint which facially violates this bar to suit.   See Ray v. Kertes, 285 F.3d

287, 293 n.5 (3d Cir. 2002); <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

III.  <u>Bivens v. Six Unknown Agents</u>

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation."

Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000)

(citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

Relying upon Bivens, several courts have implied a damages cause

of action against federal officers, under the Due Process Clause

of the Fifth Amendment, for claims by federal pre-trial detainees

alleging inadequate medical care or unconstitutional conditions

of confinement.  See, e.g., Lyons v. U.S. Marshals, 840 F.2d 202

(3d Cir. 1988); Magluta v. Samples, 375 F.3d 1269 (11th Cir.

2004); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert.

denied, 446 U.S. 928 (1980).

    The Supreme Court has not addressed whether supervisors in

Bivens actions may be held liable on a theory of respondeat

superior.  Most courts to address the issue, however, have held

that liability may not be based on respondeat superior.  See,

e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.

2000)(collecting cases); Laswell v. Brown, 683 F.2d 261, 268 &

n.11 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (basing

its conclusion on the fact that the Supreme Court has looked to

42 U.S.C. § 1983 cases in evaluating the nature of defendant

officials' qualified immunity); Kite v. Kelly, 546 F.2d 334,

337-38 (10th Cir. 1976).  See also Parker v. U.S., 197 Fed.Appx.

171, 173 n.1 (3d Cir. 2006) (not precedential); Balter v. U.S.,

172 Fed.Appx. 401, 403 (3d Cir. 2006) (not precedential).  This

Court finds persuasive the reasoning of those courts that have

declined to impose <u>respondeat</u> <u>superior</u> liability in <u>Bivens</u>
actions.

IV.   <u>ANALYSIS</u>

In a series of cases beginning with <u>Preiser v. Rodriquez</u>,
411 U.S. 475 (1973), the Supreme Court has analyzed the
intersection of federal civil rights actions and the federal
habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state
prisoners who had been deprived of good-conduct-time credits by
the New York State Department of Correctional Services as a
result of disciplinary proceedings brought a civil rights action
under 42 U.S.C. § 1983, seeking injunctive relief to compel
restoration of the credits, which would have resulted in their
immediate release.  411 U.S. at 476.  The prisoners did not seek
compensatory damages for the loss of their credits.  411 U.S. at
494.  The Court held that "when a state prisoner is challenging
the very fact or duration of his physical imprisonment, and the
relief he seeks is a determination that he is entitled to
immediate release or a speedier release from that imprisonment,
his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court
addressed a corollary question to that presented in <u>Preiser</u>,
whether a prisoner could challenge the constitutionality of his
conviction in a suit for damages only under § 1983, a form of
relief not available through a habeas corpus proceeding.  Again,

6

the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

7

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme
Court applied the lessons of Preiser and Heck to a state prisoner
action, seeking compensatory and punitive damages, challenging
the constitutionality of procedures used in a prison disciplinary
proceeding that resulted in the loss of good-time credits, but
not necessarily challenging the result and not seeking the
restoration of the good-time credits.  Again, the Court
emphasized that such a claim is not cognizable under § 1983 if a
favorable outcome would necessarily imply the invalidity of the
challenged judgment, there the disciplinary finding and
punishment.  520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between
habeas and § 1983 claims, the Supreme Court recently explained
that, 'a state prisoner's § 1983 action is barred (absent prior
invalidation) - no matter the relief sought (damages or equitable
relief), no matter the target of the prisoner's suit (state
conduct leading to conviction or internal prison proceedings) -
if success in that action would necessarily demonstrate the
invalidity of the confinement or its duration.'"  Williams v.
Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v.
Dotson, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

The doctrine of Preiser, Heck and their progeny, decided in
the context of § 1983 civil rights actions against state actors,
applies to Bivens-type actions against federal officers.  See,

8

e.g., <u>Robinson v. Jones</u>, 142 F.3d 905, 906-07 (6th Cir. 1998); <u>Messer v. Kelly</u>, 129 F.3d 1259, 1997 WL 712811 (4th Cir. 1997) (unpubl.); <u>Pandey v. Freedman</u>, 66 F.3d 306, 1995 WL 568490 (1st Cir. 1995) (unpubl.); <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995); <u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d Cir. 1995); <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994).

Here, Plaintiff's challenge to the validity of the disciplinary proceeding, which resulted in the disallowance of 15 days good time credits, is a challenge to the duration of his confinement and must be brought as a habeas action under 28 U.S.C. § 2241, following exhaustion of his administrative remedies.  His related action for damages for any allegedly unconstitutional confinement has not yet accrued, as it has not yet been otherwise determined that the disciplinary proceeding violated his constitutional rights.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff can cure the defects of his Complaint at this time.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: January 31, 2012

9